UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Crystal Harris,<br><br>          Plaintiff,<br>v.<br><br>Patenaude & Felix, APC,<br><br>          Defendant. | Civil Action No.: _____<br><br><br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Crystal Harris, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. Plaintiff, Crystal Harris (hereafter "Plaintiff"), is an adult individual residing in East Pittsburg, Pennsylvania, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. Defendant, Patenaude & Felix, APC (hereafter "Defendant"), is a California professional company located at 4545 Murphy Canyon Road, San Diego, California 92123, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. The names of the individual collectors are unknown but they will be added by amendment when determined through discovery.

## FACTUAL ALLEGATIONS

6. Plaintiff incurred a financial obligation that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7. Thereafter, the debt was purchased, assigned or transferred to Defendant for collection from Plaintiff.

8. The Defendant then began attempts to collect this debt from the Plaintiff, which was a "communication" as defined in 15 U.S.C. § 1692a(2).

9. The Defendant brought an action against the Plaintiff to collect the debt, with a court date set for May 5, 2009.

10. The Plaintiff contacted the Defendant and attempted to arrange a settlement plan so that she did not have to go to court.

11. The Defendant agreed to a payment plan whereby the Plaintiff would pay $1,200.00 in two $600.00 payments in total satisfaction of the debt.

12. The Defendant informed the Plaintiff that she did not need to take any action with respect to the court date.

13. The Plaintiff paid both installments.

14. Despite the payment plan agreement, the Defendant continued calling her and requesting payment.

15. The Defendant called the Plaintiff an average of two to three times daily, both at her place of employment and on her cell phone.

16. The Plaintiff informed the Defendant that she wished for them to cease contacting her and that she was invoking her right to be represented by an attorney.

17. The Defendant ignored these requests and continued calling her.

18. The Defendant continually used rude and profane language on the telephone and told her she was "crazy."

19. The Defendant threatened to put a lien on the Plaintiff's home, to injure her credit rating, and to freeze her bank accounts.

20. After the Plaintiff made her second $600.00 payment, the Defendant told the Plaintiff that, because she had failed to attend the court date, a judgment had been entered against her in the amount of $700.00.

21. The Defendant further informed the Plaintiff that she was responsible for an additional $281.00 in fees.

22. The Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at the Plaintiff's home and workplace.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendant contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

25. The Defendant contacted the Plaintiff after having knowledge that the Plaintiff was represented by an attorney, in violation of 15 U.S.C. § 1692c(a)(2).

26. The Defendant contacted the Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

27. The Defendant used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

28. The Defendant caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

29. The Defendant misrepresented the character, amount and legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

30. The Defendant threatened the Plaintiff with attachment of her property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

31. The Defendant threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

32. The Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

33. The Defendant falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process, in violation of 15 U.S.C. § 1692e(15).

34. The Defendant attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

35. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

36. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *et seq.*

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. The Plaintiff is a "consumer," as defined in 73 P.S. § 2270.3.

39. The Defendant is a "debt collector" as defined in 73 P.S. § 2270.3.

40. The Defendant violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

41. The Plaintiff is entitled to damages as a result of the Defendant's violations.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. Pennsylvania further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Pennsylvania state law.

45. Defendant intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with phone calls.

46. The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

47. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

49. All acts of Defendant and its agents were committed with malice, intent,

wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## COUNT IV
## VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *et seq.*

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The Defendant's violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

52. The Defendant's acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

53. As a result of the Defendant's violations, the Plaintiff has suffered ascertainable losses entitling the Plaintiff to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against Defendant;
4. Statutory damages pursuant to 73 P.S. § 2270.5(c);
5. Actual damages pursuant to 73 P.S. § 201-9.2(a);
6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);

7. Treble damages pursuant to 73 P.S. § 201-9.2(a);

8. Actual damages from Defendant for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for Plaintiff;

9. Punitive damage; and

10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2009

Respectfully submitted,

By /s/ Edward J. Kress

Edward J. Kress, Esq.
Bar No.: 80297
429 4th Avenue, Suite 1508
Pittsburgh, PA 15219
Telephone: (412) 471-4128
Facsimile: (412) 471-4145

Of-Counsel To
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiffs